RAMÓN LÓPEZ, Petitioner and Appellee, *v.* MAYOR OF NAGUABO ET AL., Defendants and Appellants.

No. 7317. Argued November 12, 1937.—Decided December 8, 1937.

*Faustino R. Aponte* for appellants; *Angel Fernández Ortiz* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

Ramón López filed a petition for a writ of certiorari in the District Court of Humacao wherein he alleged, substantially, that he had served as secretary-auditor of Naguabo from July 1, 1934, to January 31, 1935; that his salary was fixed at $960.00 per annum by the budget for the fiscal year 1934–35, approved on May 28, 1934; that on April 12, 1935, the Municipal Assembly had approved an ordinance (No. 16) substituting or amending the original budget, and expressly making the effect thereof retroactive to July 1, 1934; that by this ordinance petitioner's salary was reduced to $600.00 per annum, and that this procedure by the Assembly was entirely void under the Municipal Act in force. Incidentally, it may be said, that the salaries of certain other officers were likewise reduced.

The lower court issued the writ and after a hearing decided that the ordinance amending the budget was void in so far as it reduced the petitioner's salary. The reasoning of the court was based partly on the proposition that the attempted reduction took place after the services had been rendered to the municipality under the terms provided for in the budget, and thus, that the salary earned had become a vested right. The other authority invoked by the court was the provisions of the Municipal Act itself, as we shall see.

Two errors are assigned. The first one raises a question as to the validity of the budget approved in May, 1934, inasmuch as the same was not referred to the Insular Auditor

for his examination. This issue was clearly never before the lower court, was never touched upon by the pleadings, and there is nothing in the record to show that the slightest suggestion of this issue was ever made. *Non constat* that the Auditor did not intervene. The presumption is that the law was obeyed. Under the circumstances, we feel that this court should not enter into. a consideration of the assignment.

The second error reads:

"The District Court of Humacao erred in holding that Ordinance No. 16 approved by the Municipal Assembly of Humacao on April 15, 1935, was null and void."

Section 34 of the Municipal Act of 1928 (Act No. 53, Laws of 1928, p. 334, 364) provides:

"The administrative officials and permanent employees of the municipalities shall have and be paid as sole compensation such salaries as may be fixed for them in each budget, which salaries shall neither be increased nor diminished during the course of a fiscal year."

The section quoted offers no possibility of a misunderstanding. Its precept is clearly expressed. Unless the appellant municipality can offer other convincing arguments the case is one of *lex scripta* and the decision of the lower court should be affirmed. Let us consider the contentions set forth in the defendants' brief.

Appellants claim that Section 34, supra, must be interpreted in connection with Section 42 of the same Act, which provides for the order of priority between certain appropriations in the budget. The section reads:

"The municipalities shall not appropriate in their budgets any sum for the payment of salaries without having first made, in their order, the necessary appropriations for the following obligations:

"(*a*) Indebtedness on account of principal and interest due or to become due within the fiscal year for which the budget is framed, for the redemption of which no special funds are provided, through a special tax;

"(b) Any deficit resulting from the operations of preceding years, or expenses to which the municipality is legally bound by contracts already entered into or for other causes, and all payments or reimbursements by reason of final judgments rendered against the municipality by any court of competent jurisdiction;

"(c) Public charity;

"(d) Public education;

"(e) Public works;

"(f) Fire, police and jail services;

"(g) Maintenance of municipal works and buildings."

The city claims, in this case, that because divers past due obligations were not included in the original 1934–35 budget, the fixing of the various salaries was void. A careful reader will see that the above provision only has reference to the "appropriation for the payment of salaries," and has nothing to do with the "fixing" of those salaries. It may be that the petitioner's salary cannot be paid until those other obligations provided for under Section 42 are satisfied, but that is not the legal question before this court.

The argument that the reduction was general in nature and made extensive to all employees whose monthly salaries were greater than $30.00 in amount, is not a sufficient answer to the legislative command found in Section 34, supra. The question of discrimination plays no role in the case.

The last contention of the appellants is that an "ordinance" is not a "law" and hence is not violative of Section 34. They cite a case from Pennsylvania which was squarely decided on the theory that an ordinance is not a law so as to violate a constitutional prohibition that *"no law* shall extend the term of any public officer or increase or diminish his salary etc. . . . ." The legislative prohibition in the case before us is not limited to *laws* but is general in its wording. We are furthermore of the opinion that an ordinance is a local law and the only means through which a municipality may legislate. As between the municipality and an employee thereof, it has the force of law.

It is true, as appellants state, that a municipality has absolute discretion in fixing a salary, but once fixed by the budget, that discretion ceases, at least until the following year.

The judgment of the trial court should be affirmed.

Mr. Chief Justice Del Toro agrees with the result.

Mr. Justice Córdova Dávila took no part in the decision of this case.